[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on July 22, 1972, at Stamford, Connecticut. The court has jurisdiction based on the plaintiff's being a lifelong resident of Connecticut. The parties are the parents of two children, both of whom have reached majority. The evidence indicates that this marriage has irretrievably-broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff is forty-eight years old. She is a high school graduate and attended a secretarial school. During the marriage she has worked part time on occasion performing secretarial work. She has assisted her husband in his business and filled the role of homemaker. The plaintiff currently suffers from no serious medical condition except her lifelong struggle with allergy problems. CT Page 10539
The defendant, is fifty-two years old. He is a native of Amsterdam where he obtained his education and completed technical school with training as a plumber. He emigrated to the United States at age eighteen. After working at his craft for several years, he started working full time at his own plumbing and heating business in 1986 and continues to do so at the present time. Although reporting vague complaints about lower back and knee problems, the defendant did not claim any significant health concerns.
The plaintiff has placed a great deal of emphasis on the issue of fault. The defendant admits being involved in a relationship with another woman but maintains it began long after the marriage had broken down. A recitation of all the detailed evidence would serve no useful purpose. The court finds that although both parties contributed to the failure of their marriage the defendant must bear the greater responsibility.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-62, 46b-81 and 46b-82
in reaching the decisions reflected in the orders that follow.
The following orders may enter.
The defendant is self employed and operates a plumbing and heating business under a corporate structure. His current financial affidavit indicates an income at a gross annual rate of approximately $88,000. The plaintiff contends that the defendant is understating his income.
The evidence indicates that the defendant's average gross annual income for the period 1993 through 1995 was approximately $125,000 per year. The defendant's gross income for 1996 was approximately $112,000. Although there was evidence that the defendant has lost business recently from substantial customers, there was also evidence that the defendant has not been working as diligently at the present time as he did in the past.
The court believes the defendant's stated income for 1997 to be too conservative based on his performance in recent years. The court concludes that the defendant's income is at least $112,000 per year and has based its following order on that amount.
(1) The defendant shall pay to the plaintiff as periodic CT Page 10540 alimony the sum of thirty five hundred ($3,500) dollars per month. The payments shall commence on November 1, 1997 and on the first day of each month thereafter, in advance, until the death of either party or the plaintiff's remarriage, whichever event first occurs.
 The pendente lite order shall remain in effect for the month of October, 1997. A contingent wage withholding order may enter.
 (2) The defendant, as security for his alimony obligation, shall maintain Two Hundred Fifty Thousand ($250,000) Dollars in term life insurance coverage, naming the plaintiff as irrevocable beneficiary, so long as the defendant is obligated to pay alimony. The amount of life insurance may be subject to modification if future events dictate.
(3) The plaintiff shall transfer to the defendant her one-half (1/2) interest in Besson Plumbing and Heating, Inc. The plaintiff shall resign as an officer of the corporation and execute all documents required to complete the transfer of her interest in the corporation.
Neither party has presented sufficient evidence to establish the value of the corporation. As a result, the court is unable to make a finding as to its value. The court has awarded the entire interest in this asset to the defendant as it is his means of earning a living and generating income for his support and for his obligation to make support payments to his wife.
The defendant shall be responsible for all debts and liabilities of Besson Plumbing and Heating, Inc., and he shall indemnify and hold the plaintiff harmless from all such debts and liabilities.
(4)a. The defendant shall transfer to the plaintiff by quit claim deed the defendant's interest in the marital home at 28 Riverview Drive, Norwalk, Connecticut. The transfer shall be subject to the outstanding mortgage which the plaintiff shall assume and pay. The plaintiff shall indemnify and hold harmless the defendant from any liability thereon.
b. The plaintiff shall pay to the defendant the sum of seventy thousand ($70,000) dollars by way of a promissory note. The note shall provide for no interest. The note shall be secured CT Page 10541 by a mortgage on the marital residence, subject to the existing first mortgage. The mortgage deed shall be in the usual form used by lending institutions in the area, providing for expenses and legal fees in the event of default.
This debt shall be payable when the plaintiff sells the marital residence, remarries or July 1, 2000, whichever event first occurs.
(5) The plaintiff is awarded the Honda automobile. Also, the defendant shall cause to be transferred to the plaintiff the title to the Saab automobile registered in the name of the corporation owned by the defendant.
(6) The plaintiff is awarded the furniture and furnishings located at the marital residence and her jewelry.
(7) The plaintiff is awarded the following assets.
 a. Fairfield County Savings Account #605-026-772;
 b. United Credit Union Account #901060;
c. Van Kampen — IRA Account #8800120797;
 d. Plaintiff's Northwestern Mutual Life Insurance policy;
 e. Plaintiff's Norwalk Federation Teachers' insurance policy;
 f. Merrill-Lynch Account #877-69440 (Plaintiff's account).
 (8) The defendant is awarded the following assets.
 a. His Mercedes automobile and Chevrolet truck;
 b. His jewelry;
 c. Fairfield County Savings joint accounts — #5004882 and #0005000306; CT Page 10542
 d. Fleet checking accounts — #00714-02305 and #0001653193;
 e. Defendant's Van Kampen IRA account;
 f. The joint Fidelity Investments and Patriot Bank Securities;
 g. Merrill-Lynch — Profit Sharing Account #877-69441 (Defendant's account);
 h. Fleet Bank — Florida account #000-178-5523830;
 i. His EZ Pull Patent, but the parties shall share equally any net proceeds received because of the patent's use.
 (9) The defendant shall transfer to the plaintiff by a Qualified Domestic Relations Order a one-half (1/2) interest in the present value of his AMF Annuity. The court reserves jurisdiction to effectuate the implementation of this order.
(10) The defendant's Northwestern Mutual Life Insurance Company policy shall be cashed in and the proceeds disbursed as follows:
A. The sum of $19,300 to the defendant for payment of taxes due on liquidation of the policy;
B. Payment of the following debts listed on the defendant's financial affidavit dated October 9, 1997.
1. Cablevision $ 35.00
2. ARS $ 171.00
3. First District Water $ 75.00
4. Fleet Mortgage $10,394.00
5. Fern Meyer $ 38.00
6. MBNA $ 327.00 CT Page 10543
7. United Health Care $ 864.00
8. Chamber of Commerce $ 275.00
9. Norwalk Hospital $ 241.00
10. Geriatric and Adult Psych. $ 300.00
11. Dr. Storch $ 800.00
12. Joann Leib $ 1,145.00
13. Aetna C S $ 623.00
14. Dr. Leone $ 104.00
15. County $ 515.00
16. Sachs $ 89.00
17. SNET Linx $ 217.00
18. Blake Equipment $ 133.00
19. Norwalk Radio Mamm. $ 802.00
20. Birge Co. $ 125.00
21. ASCO $ 202.00
22. Klaffs $ 308.00
23. Park City Value $ 100.00
24. Associated Water $ 35.00
25. N.E. Wholesalers $ 7.00
26. Conn. Sales Use Tax $ 2,000.00
_______________
Total from defendant's affidavit $19,922.00
C. Payment of the following debts listed on CT Page 10544 plaintiff's financial affidavit dated September 18, 1997.
1. Shore Country Club $ 97.00
2. Cacace $ 356.00
3. Lord Taylor $ 130.00
4. First USA M.C. $ 9,038.00
5. Filene's $ 117.00
6. All Terrain $ 242.00
7. Sal Nancy Salta $ 2,000.00
8. Dr. Aaron $ 219.00
9. Marion Strachman $ 200.00
10. Rosemarie Berglund $ 144.00
______________
Total from plaintiff's affidavit $12,543.00
D. The balance of the funds, approximately $47,500 shall be equally divided between the parties.
11. The Federal Income Tax refund due is awarded to the defendant. The defendant shall be responsible for the payment of the balance due Edward Axelrod and the estimated tax due the State of Connecticut.
12. The defendant shall be solely responsible for any taxes due as a result of the corporate loan to the parties. He shall indemnify and hold harmless the plaintiff from any liability thereon.
13. Each party shall be responsible for the payment of her and his own counsel fees.
14. The defendant shall pay one-half (1/2) of the premium costs for the plaintiff's medical, dental and health insurance for three (3) years or until the plaintiff obtains medical, CT Page 10545 dental or health insurance from her employment, whichever first occurs. In addition, the plaintiff shall receive all rights under Federal and State law as to the continuation of medical, dental and health insurance after she becomes a former employee of Besson Plumbing and Heating, Inc. The plaintiff's rights to the continuation of medical, dental and health insurance shall not limit or impair the defendant's obligation to contribute to the payment of the plaintiff's insurance for up to three (3) years. The defendant shall not change, modify, cancel or terminate the present medical and health insurance coverage without ninety (90) days prior written notice to plaintiff and without having another plan of equal benefits in place to cover the plaintiff.
Judgment may enter accordingly.
NOVACK, J.